**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――X
:
CATHIE ALBER, on behalf of herself and all : 
others similarly situated, :
:
Plaintiff, : Civil Action No.
:
vs. : **CLASS ACTION COMPLAINT AND**
: **JURY TRIAL DEMAND**
ALLIED INTERSTATE LLC, :
:
Defendant. :
:
―――――――――――――――――――― X

Plaintiff CATHIE ALBER (hereinafter "Plaintiff"), of Bergen County, New Jersey, on behalf of herself and all others similarly situated, by and through her undersigned attorney, alleges against the above-named Defendant ALLIED INTERSTATE LLC  (hereinafter "Defendant"), its employees, agents, and successors, the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Bergen County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief defendant ALLIED INTERSTATE

LLC ("ALLIED") is a limited liability company organized under the laws of the State of Minnesota with its principle place of business located in Columbus, Ohio.

9. Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

**Class 1**

- All New Jersey consumers who were sent collection letters and/or notices which indicated the letters were sent by SYNCHRONY BANK and directed the addressee to call or contact Defendant ALLIED INTERSTATE LLC.

**Class 2**

- All New Jersey consumers who were sent collection letters and/or notices which indicated the letters were sent by SYNCHRONY BANK and directed the addressee to call or contact Defendant ALLIED

INTERSTATE LLC and indicated, "Because of interest, late charges, credits or charges that may vary from day to day, the amount due on the day you pay may differ."

**Class 3**

All New Jersey consumers who were sent letters and/or notices concerning a debt owed to SYNCHRONY BANK which contained at least one of the alleged violations of 15 U.S.C. § 1692 et seq. as set forth herein.

The class period begins one year prior to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class

member.  These common questions of law and fact include, without limitation:

   a. Whether Defendant violated various provisions of the FDCPA.
   b. Whether the Defendant were seeking to collect on a time-barred debt;
   c. Whether Plaintiff and the Class have been injured by the Defendant's conduct;
   d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
   e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no

unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. Sometime prior to April 16, 2018, Plaintiff allegedly incurred a financial obligation to Synchrony Bank related to a credit card account. ("the Debt").

17. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The alleged Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Synchrony Bank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to April 16, 2018, Synchrony Bank either directly or through intermediate transactions assigned, placed or transferred the Synchrony Bank obligation to Defendant for collection.

21. At the time the Synchrony Bank Obligation was assigned, placed or transferred to Defendant, the Synchrony Bank obligation was in default.

22. On or about April 16, 2018, Plaintiff received in the mail a collection letter dated April 16, 2018 that indicated that the letter was sent by Synchrony Bank, but directed Plaintiff to call or contact Defendant Allied Interstate LLC. ("the Collection Letter"). Attached as Exhibit A is a copy of the April 16, 2018 Collection Letter.

23. The Collection Letter was Defendant's first communication with Plaintiff.

24. The Collection directed Plaintiff to contact or call Defendant regarding the Debt.

25. The Collection Letter identified Defendant by name twice in the collection letter and listed Defendant's telephone number three separate times in the letter.

26. The Collection Letter does not provide a telephone number for Synchrony

Bank and does not direct Plaintiff to contact Synchrony Bank.

27. The Collection Letter attempts to identify Synchrony Bank as the sender, but was essentially a collection letter from Defendant, and was an attempt by Defendant to avoid coverage under the FDCPA.

28. The Collection Letter is deceptive and confusing since the least sophisticated consumer would not understand whether the letter is being sent by Defendant or Synchrony Bank.

29. The Collection Letter threatens that, "Failure to respond promptly could result in further steps being taken to collect the debt" and "If you do not respond, we will consider additional options to pursue collection of this debt."

30. As the first communication with Plaintiff by Defendant, the Collection Letter fails to provide Plaintiff with the disclosures required by section 1692g of the FDCPA.

31. The Collection Letter also fails to indicate that the Collection Letter is from a debt collector as required by section 1692e(11) of the FDCPA.

32. The Collection Letter also states,

If you pay the balance shown above, an additional payment may be necessary to pay your account balance in full. Because of interest, late charges, credits or charges that may vary from day to day, the amount due on the day you pay may differ. For further information, call 1-800-410-4391"

33. However, at the time the Collection letter was sent, there were no interest, late charges, credits and/or charges that were varying day to day.

34. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

35. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

36. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

37. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

38. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding the expiration of the statute of limitations, and the effect of making a payment on the debt, could reset the statute of limitations.

39. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

40. Defendant's collection letter which provided confusing and incorrect information, causing Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

41. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

42. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff

of his or her right to enjoy these benefits.

43. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

44. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

45. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

46. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

47. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

48. It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) By making false representations of the character or legal status of a debt; and

(c)  Using unfair or unconscionable means to collect or attempt to collect any debt.

49.  On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

50.  Plaintiff repeats the allegations contained in paragraphs 1 through 49 as if the same were set forth at length.

51.  Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

52.  By sending a collection letter, the same as or substantially similar to the April 16, 2018 collection letter, Defendant violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.  15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.  15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D.  15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or this is not intended to be taken;

E. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F. 15 U.S.C. § 1692e(11) by failing to indicate that the letter was sent by or on behalf of a debt collector;

G. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

H. 15 U.S.C. §1692g(a) by failing to provide the required notice.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding reasonable attorneys' fees, costs and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
         April 16, 2019

                                          Respectfully submitted,

                                      By: s/ Lawrence C. Hersh
                                          Lawrence C. Hersh, Esq.

> 17 Sylvan Street, Suite 102B
> Rutherford, NJ  07070
> (201) 507-6300
> *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 16, 2019              By: s/ Lawrence C. Hersh
                                       Lawrence C. Hersh, Esq

EXHIBIT A

SYNCHRONY BANK
P.O. Box 965004
Orlando, FL 32896-5004

128267
K304

04/16/2018

CATHIE ALBER


RE: PayPal Mastercard®
Account Number Ending in: 5996
Total Balance as of 04/16/2018: $927.56
Amount Due as of 04/16/2018: $307.00

## CALL Allied Interstate LLC
## 1-800-410-4391

**This is an important notice regarding your delinquent account. Call the number above as soon as possible to discuss your payment options. Failure to respond promptly could result in further steps being taken to collect the debt.**

Dear CATHIE ALBER,

Your account is now severely past due. Multiple attempts have been made to reach you. Please call to discuss payment options before we take additional steps to collect this debt. For details, **please respond by 05/07/2018**. For more information on payment options, call the number above today.

**If you do not respond, we will consider additional options to pursue collection of this debt.**

To resolve this issue, contact Allied Interstate LLC, the collection agency handling your account, at 1-800-410-4391. You have the option to pay your bill online. It is private and secure.

**Log-on to: www.paypal.com**

Mail payments to:

SYNCHRONY BANK / PayPal Mastercard
PO BOX 960080
ORLANDO, FL 32896-0080

*Please see reverse side for important information*

This is an attempt to collect a debt and any information obtained will be used for that purpose.
Account is owned by SYNCHRONY BANK

If you have disputed this debt, please disregard this letter.

Sincerely,

SYNCHRONY BANK

If you pay the balance shown above, an additional payment may be necessary to pay your account balance in full. Because of interest, late charges, credits or charges that may vary from day to day, the amount due on the day you pay may differ. For further information, call 1-800-410-4391.